IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| THOMAS IRVING | : | BANKRUPTCY NO.: 4:14-bk-03189-JJT |
| EARLENE IRVING | : | |
| DEBTORS | : | |
| AMERICAN DONATION ORGANIZATION, INC. | : | {**Nature of Proceeding**: Debtors' Motion to Dismiss for Failure to State a Claim (Doc. #5)} |
| PLAINTIFF | : | |
| vs. | : | |
| THOMAS IRVING EARLENE IRVING | : | |
| DEFENDANTS | : | ADVERSARY NO.: 4:14-ap-00219-JJT |

# OPINION[1]

A Complaint has been filed against the Debtors/Defendants alleging an objection to Debtors' discharge under 11 U.S.C. §§ 727(a)(3) and (a)(4)(A) and objecting to the dischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Debtors responded by way of a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), as made applicable to bankruptcy adversaries by Federal Rule of Bankruptcy Procedure 7012, and/or, in the alternative, for a More Definite Statement. The Motion to Dismiss and/or for a More Definite Statement is solely directed to the allegations in Count I. Presumably, the remaining Counts are not challenged.

The Court finds that it is not necessary to reiterate all the various allegations found in the

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

74-paragraph, five-Count Complaint.

I will first address the Motion for a More Definite Statement. Federal Rule of Civil Procedure 12(e), as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), provides, in pertinent part, that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. I have reviewed Count I of the adversary and determined that it is not so vague or ambiguous that the Debtors/Defendants cannot reasonably be required to frame a responsive pleading. In this regard, the Debtors/Defendants main argument was that the Plaintiff had failed to attach several exhibits to the Complaint. I note that this oversight was cured by the attachment of the exhibits to the Brief in Opposition to the Motion for More Definite Statement and to Dismiss the case. The Court will consider these exhibits as a supplement to the Complaint. I do this in light of Federal Rule of Bankruptcy Procedure 1001, which generally provides that the Rules of Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965. The Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Utilizing these standards, I find that the Complaint states a claim which is supported by sufficient allegations in the Complaint.

It is for the above reasons that the Court has determined to deny both the Motion to Dismiss and the Motion for a More Definite Statement.

The Debtors/Defendants are given twenty-one (21) days from the date of this Order to file an Answer.

By the Court,

Date: April 8, 2015

John J. Thomas, Bankruptcy Judge
(CMS)